UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA CHIBBARO,<br><br>    Plaintiff,<br><br>v.<br><br>TAIWO T. EVERETT et al.,[1]<br><br>    Defendants. | Case No. 3:20-cv-00663<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Lisa Chibbaro's incarceration at the Tennessee Prison for Women (TPW) in Nashville, Tennessee. (Doc. No. 21.) Chibbaro, who is currently incarcerated at the West Tennessee Residential Center for Women in Henning, Tennessee, alleges that Defendant Nurse Practitioner Taiwo Everett was deliberately indifferent to Chibbaro's serious medical needs in violation of the Eighth Amendment.[2] (*Id.*) Before the Court are Everett's motions to dismiss

---

[1]     The parties agree that the correct spelling of Defendant Everett's first name is "Taiwo," not "Tawaio." (Doc. Nos. 11, 16.)

[2]     Chibbaro's amended complaint, like her original complaint, also names as defendants Dr. Kenneth Williams, Tennessee Department of Corrections Commissioner Tony Parker, and Centurion Medical, the private contractor that employed Everett to work at TPW. (Doc. No. 21.) However, as explained herein, this Court dismissed Williams, Parker, and Centurion Medical as defendants under 28 U.S.C. § 1915(e)(2) for Chibbaro's failure to state any colorable claims against them in her original complaint (Doc. No. 6), and Chibbaro's motion for leave to amend her complaint specifically "request[ed] permission to file an Amended Complaint against Defendant, Taiwo Everett, . . . to correct deficiencies in the original Complaint" (Doc. No. 16, PageID# 93). The Court therefore construes Chibbaro's amended complaint as asserting claims against Everett only.

Chibbaro's original and amended complaints under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted. (Doc. Nos. 11, 17.) Chibbaro has responded in opposition to both motions. (Doc. Nos. 22, 23, 26, 27.) For the reasons that follow, the Magistrate Judge will recommend that Everett's motion to dismiss the original complaint be found moot and that her motion to dismiss the amended complaint be denied.

I. Background

    A. Factual Background[3]

Chibbaro is allergic to a class of antibiotic medications called quinolones. (Doc. No. 21.) She discovered this allergy before her incarceration at TPW; in February 2012, she had a severe case of pneumonia and suffered "a severe adverse reaction" when treated with the quinolone Levafloxcin. (*Id.* at PageID# 149.) For four years after taking Levafloxcin, Chibbaro experienced a variety of physical symptoms, including joint and tendon pain that required pain-control shots, severe headaches, pain in her extremities, swelling, and weakness. (Doc. No. 21.) She also experienced cognitive symptoms including difficulty concentrating, brain fog, confusion, and memory loss. (*Id.*) Chibbaro's general medical practitioner "advised her to never take any type of antibiotics in the class of [q]uinolone/[f]luoroquinolone again or it may cause further injury, and/or permanent damage[.]" (*Id.* at PageID# 149.)

On August 4, 2019, while incarcerated at TPW, Chibbaro placed a sick call request for medical services because she had a sore throat and earache. (Doc. No. 21.) Everett—who was employed by private contractor Centurion Medical to treat people incarcerated at TPW—saw Chibbaro and diagnosed her "with swimmer's ear and sore throat." (*Id.* at PageID# 149.) Everett

---

[3] The facts in this section are drawn from Chibbaro's amended complaint (Doc. No. 21) and are taken as true for purposes of resolving the pending motions to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

asked Chibbaro if she had any known allergies and Chibbaro said "that she was unable to take [q]uinolones." (*Id.*) Everett said "that she did not see that notated on [Chibbaro's] file" and Chibbaro responded "that she was not able to take any medication in the [q]uinolone class code of antibiotics and it was indeed listed in the medical file multiple times." (*Id.*) Specifically, Chibbaro alleges that "it is reflected in [her] medical chart over forty (40) times that she is unable to take [q]uinolones." (*Id.* at PageID# 151.) She further alleges that she notified Everett that she was unable to take any antibiotics in the quinolone family based on the recommendation of her previous medical provider and the severe reaction she had to Levafloxcin in 2012. (Doc. No. 21.) Everett ordered medications for Chibbaro "but specifics were not relayed to [Chibbaro] at that time." (*Id.* at PageID# 150.) Everett told Chibbaro "to go to med-line in a day or two" for the medication "so that she could begin her dosage and not miss any . . . ." (*Id.*)

The nurse dispensing medication in the "med-line" the next evening called for Chibbaro and told her that her medication was available. (*Id.*) Chibbaro "asked what the medication was and[,] upon being informed it was Cipro[,] told the dispensing nurse . . . that she did not think she was able to take . . . Cipro[ ] because she thought it was a [q]uinolone." (*Id.*) The nurse "pulled a book of medications out, flipped through it, and then informed [Chibbaro] there were no known allergies to that medication and stated, 'you will be fine.'" (*Id.*) Cipro is, in fact, a quinolone and, "[b]y Saturday, August 16, 2019, [Chibbaro] was already experiencing severe tendon pain, joint pain, and total body discomfort." (*Id.*)

Chibbaro "reported the pain to the nurse on duty, . . . who advised [Chibbaro] to discontinue the medication" and "stated she would inform the medical staff of the situation." (*Id.*) Chibbaro stopped taking the Cipro. (*Id.*) "Two (2) weeks passed and [Chibbaro] ha[d] still not been treated for the pain the . . . Cipro was causing nor had the antibiotics for the [earache] or sore

3

throat been replaced by the medical staff." (*Id.*) On September 3, 2019, after placing another sick call, Chibbaro "received a slip with a scheduled appointment for medical" with Everett. (*Id.* at PageID# 150–51.)

Everett saw Chibbaro on September 4, 2019, "for the severe pain in [Chibbaro's] joints and tendons caused by the Cipro." (*Id.* at PageID# 151.) Chibbaro told Everett about "the constant pain and discomfort she was experiencing since taking the medication prescribed by [ ] Everett." (*Id.*) "Everett informed [Chibbaro] there was no way that all of [Chibbaro's] joints and tendons hurt and that it was not because of her." (*Id.*) Chibbaro "attempted to explain that in fact all of her joints and tendons did hurt and an elevated blood pressure reflected [the] same." (*Id.*) Chibbaro "walked away from that medical appointment still not treated for her [earache], sore throat, or the pain and suffering inflicted based on the medication prescribed." (*Id.*) Chibbaro "attempted to be seen again by placing another sick call . . . ; however, the appointment was scheduled with [ ] Everett" who "informed the guard and the triage nurse . . . that she refused to provide medical treatment at that time to [Chibbaro]." (*Id.*) Chibbaro was not treated for "the pain and suffering brought on by a severe reaction to the Cipro" until she "was seen by Dr. Alacia Bingham on September 20, 2019 . . . ." (*Id.*)

Chibbaro alleges that Everett later redacted and altered information in Chibbaro's medical records to suggest that Chibbaro told Everett she was allergic to penicillin, not quinolones, and "back[ ] dated information under the 'drug allergies' section to September 4, 2019[,] of another physician's orders[.]" (*Id.* at PageID# 152–53, ¶ 16.) Chibbaro further alleges that she filed a grievance about Everett and exhausted TPW's grievance procedures, filed a complaint with the Tennessee Board of Nursing, and wrote several letters complaining about Everett to Dr. Kenneth Williams at the Tennessee Department of Correction (TDOC), among others. (Doc. No. 21.)

4

### B. Procedural History

Chibbaro filed her original complaint asserting claims under 42 U.S.C. § 1983 alleging that Everett was deliberately indifferent to Chibbaro's serious medical needs and therefore violated her fundamental constitutional right to adequate medical care while incarcerated. (Doc. No. 1.) Chibbaro's complaint named Everett, Williams, TDOC Commissioner Tony Parker, and Centurion Medical, the private contractor that employed Everett at TPW, as defendants in their individual and official capacities. (*Id.*)

The Court granted Chibbaro's application for leave to proceed *in forma pauperis* and screened her original complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 6.) The Court found that Chibbaro's complaint stated a colorable Eighth Amendment deliberate indifference claim against Everett in her individual capacity. (*Id.*) However, the Court found that the complaint failed to state any other plausible claims for relief and dismissed Chibbaro's official-capacity claims against Everett and all of her claims against Williams, Parker, and Centurion Medical. (*Id.*)

Everett filed a motion to dismiss Chibbaro's complaint under Rule 12(b)(6) (Doc. No. 11), arguing that Chibbaro had failed to adequately plead an Eighth Amendment claim against her (Doc. No. 12). Chibbaro moved for leave to file an amended complaint against Everett as a matter of course under Rule 15(a)(1)(B) and filed a proposed amended complaint. (Doc. Nos. 16, 16-1.) Everett did not oppose Chibbaro's motion, and the Court granted the motion to amend as unopposed. (Doc. No. 20.)

The amended complaint, which is the operative pleading in this action, alleges that Everett showed deliberate indifference to Chibbaro's serious medical needs by prescribing her Cipro even though Everett knew Chibbaro was allergic to quinolones and by refusing to treat Chibbaro for the severe pain that the Cipro caused. (Doc. No. 21.) Chibbaro seeks monetary damages and an

injunction requiring all medical providers in TDOC facilities to be licensed by the Tennessee Board of Health. (*Id.*)

Everett filed a motion to dismiss Chibbaro's amended complaint under Rule 12(b)(6) (Doc. No. 17), again arguing that Chibbaro has failed to adequately plead an Eighth Amendment claim against Everett in her individual capacity. (Doc. No. 18). Specifically, Everett argues that Chibbaro has not sufficiently alleged that Chibbaro had a serious medical need and that Everett knew of and disregarded a substantial risk of harm to Chibbaro. (*Id.*) Everett further argues that Chibbaro's claim is actually a health care liability claim and is therefore governed by the Tennessee Health Care Liability Act (THCLA), which requires a plaintiff to provide pre-suit notice and a certificate of good faith that Chibbaro did not provide here. (*Id.*)

Chibbaro has responded in opposition to Everett's motion to dismiss her amended complaint. (Doc. Nos. 26, 27.) She argues that she had a serious medical need to avoid taking quinolones and for treatment of the pain caused by the Cipro; that the allegations in the amended complaint support a reasonable inference that Everett knew Chibbaro was allergic to quinolones, knew Cipro was a quinolone and posed a substantial risk of harm to Chibbaro, and disregarded that risk; and that Everett knew of and disregarded a substantial risk of harm to Chibbaro by refusing to treat Chibbaro's pain symptoms resulting from the Cipro. (Doc. No. 27.) Chibbaro further argues that her Eighth Amendment deliberate indifference claims should not be construed as state-law claims subject to THCLA notice requirements. (Doc. No. 26.) Everett did not file an optional reply in support of her motion to dismiss the amended complaint.

## II.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the

6
Case 3:20-cv-00663    Document 30    Filed 05/06/21    Page 6 of 15 PageID #: 232

plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Chibbaro proceeds pro se, the Court construes her filings "'liberally'" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

#### A. Everett's Motion to Dismiss Chibbaro's Original Complaint

Because the amended complaint is the operative pleading in this action, the Court must determine whether Everett's motion to dismiss Chibbaro's original complaint is moot. "Once an amended pleading is filed, the original pleading no longer serves a function in the case[ ] and is considered to have no effect." *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cnty.*, 796 F. Supp. 2d 900, 910 (M.D. Tenn. 2011) (quoting *Holt v. City of Dickson*, No. 3:07-cv-00727, 2011 WL 134249, at *2 (M.D. Tenn. Jan. 14, 2011)). The filing of an amended complaint therefore "generally moots a pending motion to dismiss." *Piper v. Dollar Gen. Corp.*, No. 3:11-554, 2011 WL 3608635, at *2 (M.D. Tenn. Aug. 16, 2011). Only in the rare case "where the amended complaint is 'substantially identical to the original complaint,' may a properly filed amended complaint be insufficient to moot the motion to dismiss." *Id.* (quoting *Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16, 2009)). Here, Chibbaro's amended complaint includes additional factual allegations against Everett and is therefore not substantially identical to her original complaint. Moreover, Everett has filed a second motion to dismiss targeting Chibbaro's amended complaint. Everett's motion to dismiss Chibbaro's original complaint should therefore be found moot.

#### B. Everett's Motion to Dismiss Chibbaro's Amended Complaint

##### 1. Chibbaro's § 1983 Claims

"Section 1983 provides a civil enforcement mechanism for all inmates who suffer constitutional injuries at the hands of '[a]ny person acting under color of state law.'" *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008) (alteration in original) (quoting 42 U.S.C. § 1983). "To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct

deprived the plaintiff of rights secured under federal law." *Fritz*, 592 F.3d at 722 (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). Here, Chibbaro alleges that Everett, while employed by a private contractor providing medical care at a state prison, was deliberately indifferent to Chibbaro's serious medical needs in violation of her constitutional rights. Everett has not argued that she is not a state actor for purposes of liability under § 1983, and the Court finds that Chibbaro's allegations regarding Everett's employment at TPW are sufficient to support a reasonable inference that Everett acted under color of state law. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (quoting *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993)) (holding that private entities and individuals "performing the 'traditional state function' of operating a prison" and providing medical care to incarcerated persons are state actors for purposes of liability under § 1983). The only remaining question is whether Chibbaro has plausibly alleged that Everett deprived her of a federal right.

The Eighth Amendment, which applies to state governments through the Fourteenth Amendment, "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Berkshire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). A deliberate indifference claim against an individual actor has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Blackmore*, 390 F.3d at 895. The objective component requires showing the existence of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting

*Blackmore*, 390 F.3d at 897). The subjective component requires a plaintiff to show that the prison official had "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895 (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). Courts determine this subjective component "'in light of the prison authorities' current attitudes and conduct.'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). The Supreme Court has long held that this showing "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Blackmore*, 390 F.3d at 896 (quoting *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994)).

Everett argues generally that Chibbaro "has failed to allege any facts that . . . she had a serious medical need . . . ." (Doc. No. 18, PageID# 138.) But the amended complaint specifically states that Chibbaro's medical provider diagnosed her with a quinolone allergy following her severe reaction to Levafloxcin in 2012, which required treatment, and advised her never to take a quinolone class antibiotic again. (Doc. No. 21.) Chibbaro has thus alleged that she has an objectively serious medical need not to be exposed to quinolones. *See Richmond*, 885 F.3d at 938. Further, this Court already found, based on Chibbaro's original complaint, that Chibbaro's allegations of severe and persistent pain as a result of her reaction to Cipro are "sufficient to establish that [Chibbaro] had an objectively serious need for medical treatment" after she took the quinolone medication Everett prescribed. (Doc. No. 6, PageID# 56.) The similar allegations in

Chibbaro's amended complaint regarding the severity and persistence of her pain caused by taking Cipro also support a reasonable inference that she had an objectively serious need for medical treatment. Everett has not provided any argument or cited any legal authority to the contrary. The Court therefore finds that Chibbaro's amended complaint alleges sufficient facts to state the objective component of an Eighth Amendment deliberate indifference claim against Everett.

Turning to the subjective component, Everett argues generally that Chibbaro "has failed to allege any facts that . . . Everett subjectively knew of a substantial risk and disregarded that risk." (Doc. No. 18, PageID# 138.) Chibbaro's amended complaint alleges: (1) that she told Everett she was allergic to quinolones and explained that she had an adverse reaction to Levafloxcin in 2012 that caused her to suffer medical problems for four years; (2) that her medical file, which Everett reviewed, contained more than forty references to Chibbaro's quinolone allergy; and (3) that, by prescribing Cipro, "Everett ignored the medical information within [Chibbaro's] medical chart . . . , along with ignoring [Chibbaro's] own declaration" that she was allergic to quinolones. (Doc. No. 21, PageID# 153, ¶ 19.) These allegations, construed in the light most favorable to Chibbaro, are sufficient to support a reasonable inference that Everett perceived and disregarded a substantial risk of harm to Chibbaro by prescribing Cipro because Everett knew Chibbaro was allergic to quinolones and had experienced a severe adverse reaction to a quinolone antibiotic in the past, knew or recklessly failed to determine that Cipro was a quinolone, and nevertheless prescribed Cipro to Chibbaro. Everett's argument that Chibbaro has not adequately alleged that Everett knew Cipro was a quinolone is unpersuasive. The subjective component of the deliberate indifference standard does not require a showing of a defendant's actual knowledge that harm will occur. *Farmer*, 511 U.S. at 835. Instead, the Supreme Court has held that a defendant acts "with deliberate indifference to a substantial risk of serious harm to a prisoner . . . [by] recklessly disregarding that

risk." *Id.* at 836. The repeated allegations in Chibbaro's amended complaint that Everett ignored Chibbaro's statements that she could not take quinolones and her medical records documenting her quinolone allergy, construed in the light most favorable to Chibbaro, are sufficient to support a reasonable inference that, at a minimum, Everett recklessly disregarded a substantial risk of serious harm to Chibbaro by failing to determine that Cipro was a quinolone.

Chibbaro's amended complaint also alleges that: (1) during an appointment on September 4, 2019, she told Everett about "the constant pain and discomfort she was experiencing since taking the [Cipro]" and about her resulting "elevated blood pressure[,]" but Everett refused to treat Chibbaro's pain, even though Chibbaro had told Everett that the pain she experienced from her 2012 reaction to quinolones required a doctor's care, and failed to treat her continuing earache and sore throat; (2) when Chibbaro again placed a sick call request for medical treatment, Everett informed a guard and nurse at TPW "that she refused to provide medical treatment" to Chibbaro; and (3) Chibbaro did not receive treatment for her adverse reaction to Cipro until another TPW provider saw her on September 20, 2019. (*Id.* at PageID# 151.) Construing these allegations in the light most favorable to Chibbaro, as it must, the Court finds that Chibbaro has adequately alleged that Everett subjectively perceived and disregarded a substantial risk of serious harm to Chibbaro by twice refusing to treat her adverse reaction to Cipro.

Everett's arguments to the contrary are unavailing. First, Everett asserts that Chibbaro has alleged that Cipro's known side effects include joint and muscle pain and tendon problems, some of the symptoms Chibbaro experienced, and argues that "[e]xperiencing known side effects is not the same as being allergic to a medication." (Doc. No. 18, PageID# 139.) In other words, Everett argues that Chibbaro has not alleged she suffered an allergic reaction, only known side effects of the drug. But that argument fails to construe the amended complaint's allegations in the light most

favorable to Chibbaro, as required at this stage of litigation. *See Courtright*, 839 F.3d at 518. So construed, the amended complaint adequately alleges that Chibbaro suffered an allergic reaction to Cipro causing persistent and "severe tendon pain, joint pain, and total body discomfort." (Doc. No. 21, PageID# 150.) Everett also argues that Chibbaro's failure-to-treat allegations do not rise to the level of deliberate indifference because Chibbaro admits that another medical provider at TPW eventually saw and treated her for the pain caused by the Cipro. (Doc. No. 18.) The Sixth Circuit has held, however, "that a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of [her] suffering." *Boretti v. Wiscomb*, 930 F.2d 1150, 1154–55 (6th Cir. 1991); *see also Darrah v. Krisher*, 865 F.3d 361, 368 (6th Cir. 2017) (holding "that neglecting a prisoner's known medical needs may constitute deliberate indifference" and that "[e]ven relatively short periods of delay or neglect have sufficed"); *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (holding that "delay of a recommended plan of treatment could constitute a constitutional violation if the doctor acted with deliberate indifference to a serious medical need"). Chibbaro's allegation that another TPW provider treated her pain caused by having taken Cipro more than two weeks after Everett first refused to treat Chibbaro does not undermine Chibbaro's claim that Everett was deliberately indifferent to her serious medical needs. Similarly, Everett's reliance on *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), and subsequent cases interpreting *Westlake* is misplaced. The Sixth Circuit held in *Westlake* that, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." 537 F.2d at 860 n.5. Here, Chibbaro's amended complaint alleges that Everett refused to provide her with any treatment despite knowing she was suffering from severe and persistent pain. The Court therefore

finds that the allegations in Chibbaro's amended complaint, construed in the light most favorable to her, are sufficient to state a plausible claim that Everett subjectively perceived and disregarded a substantial risk of serious harm to Chibbaro when she twice refused to treat Chibbaro's pain caused by her allergic reaction to Cipro.

### 2. Everett's THCLA Argument

Everett argues, in the alternative, that Chibbaro's § 1983 claims should be dismissed for failure to comply with state-law requirements for health care liability claims under the THCLA. (Doc. No. 18.) By its terms, the THCLA applies to "any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based[.]" Tenn. Code Ann. § 29-26-101(a)(1). While "[t]his statement is facially broad enough to encompass a deliberate indifference claim under § 1983 based on the failure to provide necessary health care . . . , the Sixth Circuit has never construed the state statute to apply so broadly as to limit a litigant's ability to pursue claims based on the violation of his constitutional rights." *Heard v. Parker*, No. 3:17-cv-01248, 2018 WL 6435863, at *9 (M.D. Tenn. Dec. 6, 2018) (Trauger, J.) (citing *Reed v. Speck*, 508 F. App'x 415, 423–24, 419–21 (6th Cir. 2012)). Accordingly, courts in this district have found that the THCLA "is wholly inapplicable" to § 1983 claims for deliberate indifference to serious medical needs under the Eighth Amendment. *Pruitt v. McConnell*, No. 3:13-01003, 2015 WL 632142, at *1 (M.D. Tenn. Feb. 13, 2015).

Everett cites *White v. Washington County*, 85 F. Supp. 3d 955 (E.D. Tenn. 2015), for the proposition that "[f]ederal district courts in Tennessee have recognized that a complaint pleaded on the basis of deliberate indifference can also encompass a claim for health care liability because the claims concern the provision of or failure to provide health care services, just as [Chibbaro]

has pleaded in the present case." (Doc. No. 18, PageID# 140.) But the plaintiff in *White* expressly alleged claims under both § 1983 and state tort law, and the *White* court did not apply the THCLA's pre-suit notice and certificate of good faith requirements to the plaintiff's § 1983 claim. *See* 85 F. Supp. 3d at 957 ("Plaintiff has asserted federal constitutional claims and state claims of negligence against all of the defendants." (citation omitted)). Here, Chibbaro only brings claims under § 1983. (Doc. No. 26.) Everett's reliance on *White* as a basis to dismiss Chibbaro's § 1983 claims is therefore misplaced.

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Everett's motion to dismiss Chibbaro's original complaint (Doc. No. 11) be FOUND MOOT and that Everett's motion to dismiss Chibbaro's amended complaint (Doc. No. 17) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of May, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge