| | |
|---|---|
| LISA CHIBBARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00663 |
| | ) Judge Aleta A. Trauger |
| | ) |
| TAIWO T. EVERETT et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Before the court are the Objections (Doc. No. 70) filed by defendant Taiwo T. Everett to the Report and Recommendation ("R&R") (Doc. No. 69) issued by Magistrate Judge Newbern, recommending that the Motion for Summary Judgment (Doc. No. 45) filed by Everett be denied. For the reasons set forth herein, the court will overrule the objections, accept the R&R, and deny the motion.[1]

## I. BACKGROUND

The court adopts Magistrate Judge Newbern's recitation of the facts and procedural history of this case. (Doc. No. 69 at 2–13.) In short, Chibbaro alleges that Everett, who worked as a nurse practitioner at the prison where Chibbaro was incarcerated, violated Chibbaro's rights under the Eighth Amendment by (1) prescribing to Chibbaro, who was suffering from an ear infection, an antibiotic medication to which Chibbaro had a documented allergy or intolerance[2] and (2) refusing

---

[1] The court has not yet received responses to Everett's objections from Chibbaro, which are due by September 20, 2022. Because the court is overruling the objections, it finds no prejudice in its decision not to wait for a response.

[2] As Everett points out, not every negative reaction to a medication is necessarily an "allergy," because "allergy" is a word with a particular medical definition. (*See* Doc. No. 45-1 ¶ 23.) Everett has not, however,

to provide Chibbaro with necessary treatment in the wake of Chibbaro's reaction to that medication. Everett filed a Motion for Summary Judgment (Doc. No. 45), to which Chibbaro filed a Response (Doc. No. 59), and Everett filed a Reply (Doc. No. 63). On August 22, 2022, Magistrate Judge Newbern, to whom the case had been referred, issued an R&R recommending that the motion be denied. (Doc. No. 69). Everett objects to that recommendation. (Doc. No. 70.)

Specifically, Everett argues that the Magistrate Judge erred in the following ways:

1. The Magistrate Judge improperly relied on hearsay evidence;
2. The Magistrate Judge incorrectly concluded that there are disputed issues of material fact regarding whether the prison grievance process was available to Chibbaro for her refusal-to-treat complaints;
3. The Magistrate Judge incorrectly concluded that there are disputed issues of material fact regarding whether Chibbaro has demonstrated a serious medical need; and
4. The Magistrate Judge incorrectly concluded that there are disputed issues of material fact regarding whether Everett acted in reckless disregard of those needs.

Everett argues that each of those objections—other than the one regarding hearsay evidence, which is offered in support of the other objections—presents an independent basis for rejecting the Magistrate Judge's recommendation and granting Everett's motion.

---

identified any evidence that would provide a basis for treating that distinction as determinative of any issue in this case at the summary judgment stage. There are many reasons why a particular patient might be a poor candidate for a particular drug. What matters for the purposes of liability is the seriousness and foreseeability of a patient's potential negative response to the medication—not whether that reaction is technically considered to be allergic in nature, as opposed to, for example, an intolerance, a high susceptibility to a serious side effect, an interaction, or something else. As the Magistrate Judge noted, "Everett concedes in her summary judgment affidavit that '[t]here are inconsistencies in [Chibbaro's] medical records regarding whether she has an actual allergy to'" Cipro. (Doc. No. 69 (quoting Doc. No. 45-1 ¶ 9).)

## II. LEGAL STANDARD

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151.

## III. ANALYSIS

### A. Consideration of Facts Supported with Hearsay Evidence

As a preliminary matter, the defendant objects that Magistrate Judge Newbern improperly relied on assertions of fact supported by hearsay evidence. (Doc. No. 71 at 12.) In support of that objection, the defendant cites to one unpublished 2005 case for the proposition that "[i]t is well-established in this circuit that otherwise inadmissible hearsay evidence may not be used to support or oppose a motion for summary judgment." (Doc. No. 71 at 12 (quoting *Lucas v. Chance*, 121 F. App'x 77, 79 (6th Cir. 2005)). That rule may well have been well-established in 2005. However, as the R&R explains—in a page-long footnote filled with supporting citations—Rule 56 was amended in 2010 to, among other things, significantly overhaul how evidentiary issues are handled at the summary judgment stage. (Doc. No. 69 at 2–3 n.2) The evidentiary focus of Rule 56, as amended, is whether *facts* can be presented in admissible form at trial, not whether the *materials*

3

cited in support of or in opposition to summary judgment are themselves admissible. Everett does not identify any flaw in the Magistrate Judge's explanation of the 2010 amendment.

Everett's attorneys are not alone in having failed to recognize that Rule 56 has changed. Judges of this court have had cause to explain this change numerous times, often to litigants suffering under the same outdated misunderstanding. *See, e.g.*, *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018) (Trauger, J.); *Mount Vernon Fire Ins. Co. v. Liem Constr., Inc.*, No. 3:16-CV-00689, 2017 WL 1489082, at *3 (M.D. Tenn. Apr. 26, 2017) (Crenshaw, C.J.); *Pullum v. Elola*, No. 3:14-CV-1233, 2016 WL 749204, at *4 (M.D. Tenn. Feb. 25, 2016) (Bryant, M.J.); *RyMed Techs., Inc. v. ICU Med., Inc.*, No. 3:10-01067, 2012 WL 4505896, at *5 (M.D. Tenn. Sept. 28, 2012) (Sharp, J.). In any event, insofar as an attorney might remain unaware of the underlying changes to Rule 56, there is still no basis for objecting to the Magistrate Judge's application of the correct, superseding standard. This objection is overruled.

**B. Exhaustion**

The R&R accurately states the law of exhaustion under the Prison Litigation Reform Act. In short "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C.§ 1997e(a) (emphasis added). Everett concedes that Chibbaro submitted a prisoner grievance about her treatment by Everett on August 17, 2019, as well as a supplement to that grievance on August 25, 2019. (*See* Doc. No. 71 at 5.) Everett argues, however, that Chibbaro should have filed additional grievances related to Everett's alleged failure to treat her reaction to the Cipro on September 4, 2019 and September 18, 2019.

4

The Magistrate Judge concluded that "[t]here is a genuine issue of material fact regarding whether the grievance process was available to Chibbaro to separately grieve Everett's alleged refusal to treat her," because, "as Chibbaro points out, the [facility's] policies and procedures prohibit grievants from having more than one grievance pending at Level I and from submitting more than one grievance arising out of the same or a similar incident." (Doc. No. 69 at 18 (citing Doc. No. 45-3).) Everett does not identify any error in the Magistrate Judge's reading of the underlying policy, nor does Everett identify any evidence suggesting that that policy would not have been a bar to additional grievances. Rather, Everett argues that, regardless of the applicable policies, Chibbaro should have made "affirmative efforts" to file additional grievances, even if those efforts would have been fruitless. (Doc. No. 71 at 9 (quoting *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011)).)

That objection is overruled, and the court will accept the Magistrate Judge's recommendation on this issue. This is not a case in which a prisoner decided unilaterally that a grievance would have been a waste of time and instead went straight to the courts. Rather, Chibbaro *did* file a grievance about the underlying situation, and that grievance *did* specifically state that she was seeking, as a solution, "[p]roper medical care." (Doc. No. 21 at 10.) When she filed a supplement to that grievance, she again complained that "<u>NO ONE</u> ha[d] followed up" on her problem. (*Id.* at 14.) The events of September 4 and September 18 were simply continuations of the situation that Chibbaro had already brought to officials' attention, and it was the prison's own policies that affirmatively instructed Chibbaro not to file a fresh grievance in such a situation.

The Supreme Court has recognized that whether a particular grievance process was "available" in a certain procedural situation is a potentially fact-intensive inquiry. *See Ross v. Blake*, 578 U.S. 632, 646, 136 S. Ct. 1850, 1860–61 (2016). The Supreme Court has also

5

recognized that a finding of unavailability is not necessarily precluded by the plaintiff's "failure to seek relief" that the prison's own policies made unavailable. *Id.* at 1861. Pursuant to that caselaw, the Magistrate Judge correctly concluded that Everett has not established that she is entitled to summary judgment on the question of whether Chibbaro failed to avail herself of all grievance procedures that were actually available to her. This objection is overruled.

## C. Deliberate Indifference to a Serious Medical Need

For a prisoner plaintiff to establish an Eighth Amendment "deliberate indifference" claim related to her medical care under 42 U.S.C. § 1983, the plaintiff must (1) allege facts sufficient to show that she had an objectively serious medical need (the "objective component") and (2) "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [she] did in fact draw the inference, and that [she] then disregarded that risk" (the "subjective component"). *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008) (citations omitted). Everett argues that she is entitled to summary judgment because Chibbaro cannot establish either component.

### 1. Objective Component/"Verified Medical Evidence" Requirement

The Sixth Circuit has "generally held that[,] when a deliberate indifference claim is based on a delay in treatment, rather than the failure to treat at all, the plaintiff must 'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" *Est. of Majors v. Gerlach*, 821 F. App'x 533, 539 (6th Cir. 2020) (quoting *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). Similarly, verifying medical evidence is typically needed if a plaintiff has complained only of "minor maladies" or other "non-obvious" medical needs whose seriousness is not self-evident. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004). Everett argues that the court should grant her summary judgment as to Chibbaro's

claims because Chibbaro has not identified any verifying medical evidence sufficient to satisfy this requirement.

The Magistrate Judge properly acknowledged that the need for "verified medical evidence" has been recognized by the Sixth Circuit as applying only to certain types of claims, which, by their nature, call for such evidence; it is not a *de facto* element of the cause of action, applicable in every case. (Doc. No. 69 at 23–25.) Moreover, the Magistrate Judge correctly held that, insofar as supportive medical documentation of a serious medical need is required in this case, there is evidence sufficient to permit a finder of fact to conclude that such documentation does exist. Chibbaro's intolerance to Cipro is documented. The fact that she complained of a reaction is documented. And it is documented that she was prescribed medication for symptoms allegedly attributable to that reaction on September 20, 2019—after Everett's refusals.[3] (Doc. No. 69 at 25–26.) That evidence, combined with Chibbaro's own account of her experiences, is enough to permit the inference that her condition was, in fact, serious enough to give rise to liability under § 1983. The court accordingly accepts the Magistrate Judge's recommendation on the objective component and overrules Everett's objection.

2. Subjective Element/Everett's State of Mind

Chibbaro has said, and presumably would testify, that she specifically informed Everett that she was unable to take quinolone medications, of which Cipro is one. Everett has said, and

---

[3] Everett makes much of the fact that the documentation of Chibbaro's preexisting inability to take Cipro and her reaction to the Cipro that Everett prescribed is based on self-reporting. That, though, is just how medicine works; any symptom that cannot be directly observed by a healthcare provider during a patient encounter or detected with a test must instead be reported by the patient, her caregiver, or some third party. How else could a provider treat pain, nausea, dizziness, confusion, or fatigue—none of which are necessarily externally visible? How, even, could a provider treat someone who experienced a coughing fit or a fainting spell outside the presence of that provider and then was unable to recreate those serious symptoms on demand during a few-minutes-long encounter? Everett's outright dismissal of any symptoms that, by their nature, had to be self-reported simply cannot be squared with the realities of medical practice.

7

Case 3:20-cv-00663   Document 74   Filed 09/19/22   Page 7 of 9 PageID #: 1498

presumably would testify, that that is false. As the Magistrate Judge pointed out, such conflicting testimony presents exactly the kind of "she-said/she-said" dispute that is paradigmatically inappropriate for resolution at the summary judgment stage. (Doc. No. 69 at 30.) And there is no doubt that Everett was informed of Chibbaro's alleged reaction to Cipro after the initial prescription was written; Everett's own notes describe the conflict that arose between her and Chibbaro in detail.

Everett's only objection to this holding is that Chibbaro has not clearly indicated that she would testify that she told Everett that she had an *allergy* to Cipro, as opposed to just an unexplained reason that she was "unable to take" the drug. (Doc. No. 62-1 ¶ 8.) It is not clear, though, why the technical definition of "allergy," as opposed to a medically significant "intolerance," should matter here. Indeed, this point—which hinges entirely on Chibbaro's word choice—is especially unconvincing as an argument regarding Everett's state of mind. Chibbaro is a layperson, and Everett is a medical professional; understanding the nuances in the relevant medical terminology was Everett's responsibility, not Chibbaro's.

Moreover, Everett's own notes make clear that, contrary to the speculation in her briefing, she did not rely on any such distinction. Rather, she appears to have simply gotten confused about which antibiotic Chibbaro could not take and then avoided the wrong one: penicillin. (*See* Doc. No. 47 ¶ 14.) In other words, Everett herself concluded that Chibbaro's warning was a compelling reason not to prescribe the drug at issue, but Everett was confused about which drug that was. There is just conflicting evidence regarding who is to blame for Everett's confusion. That conflicting evidence is an issue for trial, not Rule 56. This objection is overruled.

## IV. CONCLUSION

For the foregoing reasons, Everett's Objections (Doc. No. 70) are hereby **OVERRULED**, the Magistrate Judge's Report and Recommendation (Doc. No. 69) is **ACCEPTED**, and Everett's Motion for Summary Judgment (Doc. No. 45) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge