IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA CHIBBARO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-00663 |
| | ) Judge Aleta A. Trauger |
| TAIWO T. EVERETT et al., | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Before the court is defendant Taiwo Everett's Rule 54(b) Motion to Reconsider (Doc. No. 97) this court's Order (Doc. No. 74) denying the defendant's Motion for Summary Judgment (Doc. No. 45). The motion will be denied.

### I.  BACKGROUND

This opinion presumes some familiarity with the facts and procedural history of this case. Plaintiff Lisa Chibbaro, then an inmate at the West Tennessee Residential Center but who has since been released from custody, filed this lawsuit on July 31, 2020, asserting claims under 42 U.S.C. § 1983 against defendant Everett (as relevant here) for deliberate indifference to the plaintiff's serious medical needs while she was incarcerated, in violation of her Eighth Amendment rights. The plaintiff alleges, in a nutshell, that Everett, a nurse practitioner at the Tennessee Prison for Women Annex when the plaintiff was in custody there, knowingly prescribed Chibbaro an antibiotic to which she was allergic on August 14, 2019 and then refused to treat her for the symptoms caused by her reaction to the medication on September 4, and 18, 2019. (Doc. Nos. 1, 21.)

Everett filed a Motion for Summary Judgment arguing that (1) Chibbaro failed to exhaust her administrative remedies as to the claims against Everett based on the failure to treat Chibbaro on September 4 and 18; (2) Chibbaro had no serious medical need, for purposes of the objective component of her § 1983 deliberate indifference claim; and (3) Everett was not deliberately indifferent to any such serious medical need, for purposes of the subjective component of the plaintiff's claim. (*See* Doc. No. 46, *passim*.) Everett also argued that the plaintiff needed expert or medical proof of her alleged allergy to quinolones to prove her claims. (*Id.* at 14–15.) The Magistrate Judge to whom the motion was referred meticulously addressed all of Everett's arguments and recommended that her motion be denied based on the existence of material factual disputes.

Everett filed timely Objections to the R&R, largely reprising the arguments in her summary judgment filings and ignoring the evidence supporting the plaintiff's version of the facts. (Doc. No. 71.) The court overruled the Objections and entered the Memorandum & Order accepting the R&R and denying the defendant's Motion for Summary Judgment. (Doc. No. 74.) Now, eight months later, the defendant seeks reconsideration of that ruling. She reiterates her argument that there is no material factual dispute regarding whether the plaintiff failed to properly exhaust her claims based on Everett's purported refusals to treat her on September 4 and 18, 2019, and she raises an argument not squarely presented in her Objections: that the plaintiff "has not, and cannot, prove the causation element of her claims in this matter." (Doc. No. 98, at 1; *see id.* at 9 ("[T]he Plaintiff at the time of summary judgment failed to carry her burden as to establishing causation with regards to her alleged allergy and resulting symptoms from taking Ciprofloxacin in this case.").) She insists that reconsideration of the Memorandum & Order denying her Motion for Summary Judgment is required to correct a clear error of law and prevent a manifest injustice.

The plaintiff, pursuant to the court's direction, filed a Response in opposition to the defendant's motion (Doc. Nos. 100, 101), and the defendant filed a Reply (Doc. No. that has

## II. LEGAL STANDARD

District courts have authority under common law and Federal Rule of Civil Procedure 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The standard for reconsideration is similar to that applied to motions to alter or amend judgment under Rule 59. That is, courts traditionally find "justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Camillo v. Campbell Clinic, P.C.*, No. 2:19-cv-02876-SHM-atc, 2021 WL 1233516, at *2 (W.D. Tenn. Apr. 1, 2021) (internal quotation marks and citations omitted).

## III. ANALYSIS

The defendant's Rule 54(b) motion constitutes effectively a second or third bite at the apple and does nothing more than reiterate arguments already made and raise a new argument that could have been—but was not—preserved in the defendant's Objections to the R&R. The court is not persuaded that a failure to reconsider its previous denial of summary judgment is necessary to correct a clear error of law or to prevent manifest injustice. The Magistrate Judge and this court addressed the defendant's exhaustion argument—an affirmative defense on which the defendant bears the burden of proof. The court found—and continues to find—that material factual disputes preclude summary judgment on this issue. The court does not find it necessary to reconsider it.

As for the causal connection argument, although the defendant argued in passing in her summary judgment filings that "[n]o action or omission of NP Everett caused any injury to the Plaintiff" (Doc. No. 46, at 4 (citing her own Affidavit, Doc. No. 45-1 ¶ 22)), she did not argue that summary judgment on that ground was warranted. Instead, she effectively conceded (at least for summary judgment purposes) that the plaintiff's joint pain was a "side effect" of the medication Everett had prescribed to the plaintiff. (*Id.* at 11; *see also* Doc. No. 45-1 ¶ 23.) She also did not raise an argument based on the plaintiff's failure to establish a "causal connection" between the defendant's acts and the plaintiff's injuries in her Objections. The court declines to consider this argument now.

## IV. CONCLUSION

For the reasons set forth herein, the defendant's Motion to Reconsider (Doc. No. 97) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge